419 S.E.2d 17

**SHERRY L.H., Petitioner,**

v.

**Honorable John HEY, Judge of the Circuit Court of Kanawha Co. and Stephen L.H., Respondents.**

No. 20855.

Supreme Court of Appeals of West Virginia.

Submitted March 3, 1992.

Decided June 12, 1992.

appellant's petition for review was filed with the     circuit court.

Steven L. Miller, Miller & Reed, Cross Lanes, for petitioner.

George A. Daugherty, Daugherty, Tantlinger & Daugherty, Charleston, for respondent Stephen L.H.

PER CURIAM:

In this case, the petitioner, Sherry L.H., asks us to issue a writ of prohibition against the Honorable John Hey, Judge of the Circuit Court of Kanawha County, to prevent enforcement of Judge Hey's order of December 27, 1991, which granted to the petitioner's ex-husband, Stephen L.H., supervised visitation with their children. The petitioner alleges that the husband has sexually abused the two daughters.

The petitioner has custody of her two daughters. Prior to these proceedings, her ex-husband had been permitted generous visitation with the daughters. According to the petition, in 1989, the older daughter told the petitioner that her father had sexu-

ally abused her. The petitioner had both daughters examined by a physician and a psychologist, both of whom concluded that the older daughter had been sexually abused. A petition to modify the divorce decree and deny the father visitation with his daughters was filed by the petitioner. Following a hearing, the family law master issued a lengthy final report, in which she concluded that the ex-husband had sexually abused his daughters. The family law master recommended that all visitation between the father and the daughters be stopped until the father had completed treatment.

Stephen L.H. petitioned the Circuit Court of Kanawha County to reinstate his visitation rights. The respondent judge held a hearing on December 23, 1991, at which he heard the arguments of counsel and considered documents, including transcripts of the testimony of several experts taken before the family law master. Following the hearing, the respondent judge ordered that visitation be reinstated. The visitation was to be supervised by a guardian ad litem, whose fee would be paid by Stephen L.H. The visitation was to take place every other Saturday for four hours at the home of the children's maternal grandmother. The respondent judge further ordered both families to refrain from speaking to the children about the other or about the pending case. Sherry L.H. sought a stay of execution of the order in this Court, which we granted.

■ This case is controlled by our recently issued opinion in *Mary D. v. Watt*, — W.Va. ——, 1992 WL 113562 (No. 20453 5/29/92). In Syllabus Point 2 of *Mary D.*, we stated:

"Prior to ordering supervised visitation pursuant to *W.Va. Code*, 48–2–15(b)(1) [1991], if there is an allegation involving whether one of the parents sexually abused the child involved, a family law master or circuit court must make a finding with respect to whether that parent sexually abused the child. A finding that sexual abuse has occurred must be supported by credible evidence. The family law master or circuit court may condition such supervised visitation upon the offending parent seeking treatment. Prior to ordering supervised visitation, the family law master or circuit court should weigh the risk of harm of such visitation or the deprivation of any visitation to the parent who allegedly committed the sexual abuse against the risk of harm of such visitation to the child. Furthermore, the family law master or circuit court should ascertain that the allegation of sexual abuse under these circumstances is meritorious and if made in the context of the family law proceeding, that such allegation is reported to the appropriate law enforcement agency or prosecutor for the county in which the alleged sexual abuse took place. Finally, if the sexual abuse allegations were previously tried in a criminal case, then the transcript of the criminal case may be utilized to determine whether credible evidence exists to support the allegations. If the transcript is utilized to determine that credible evidence does or does not exist, the transcript must be made a part of the record in the civil proceeding so that this Court, where appropriate, may adequately review the civil record to conclude whether the lower court abused its discretion."

It appears that the family law master found sexual abuse and that the circuit court did not disagree with this finding. Consequently, the first requirement of *Mary D.* has been met.

The more controversial issue is whether supervised visitation was warranted in this case. The family law master recommended against any visitation until the father completed counseling treatments. This recommendation was modified by the respondent judge to allow supervised visitation. However, this modification was made prior to our decision in *Mary D.* and, thus, the judge did not have the benefit of the standards set out in Syllabus Point 2 of that opinion. Consequently, we remand the case for further consideration in light of those standards.

■ Finally, as earlier pointed out, the respondent judge did require that visitation be supervised and appointed an attorney as

guardian ad litem to supervise the visitation. We discussed in Syllabus Point 3 of *Mary D.* some of the factors that must be considered in selecting the person who will supervise the visitation:

> "Where supervised visitation is ordered pursuant to *W.Va.Code,* 48–2–15(b)(1) [1991], the best interests of a child include determining that the child is safe from the fear of emotional and psychological trauma which he or she may experience. The person(s) appointed to supervise the visitation should have had some prior contact with the child so that the child is sufficiently familiar with and trusting of that person in order for the child to have secure feelings and so that the visitation is not harmful to his or her emotional well being. Such a determination should be incorporated as a finding of the family law master or circuit court."

On remand, this case should be reviewed to determine whether this standard has been met.

For the foregoing reasons, we grant petitioner a moulded writ of prohibition to allow a review of this matter under the principles set out in *Mary D.*

Writ granted as moulded.